**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 7 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RAMON REYES-TORRES, | No. 24-2472 |
| Petitioner, | Agency No. A212-988-205 |
| v. | MEMORANDUM* |
| TODD BLANCHE, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026**

Before: GOULD, FRIEDLAND, and MENDOZA, JR., Circuit Judges.

Jose Ramon Reyes-Torres ("Reyes-Torres"), a native and citizen of El

Salvador, petitions for review of a decision of the Board of Immigration Appeals

("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ")

denying his applications for asylum, withholding of removal, and protection under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the agency's factual findings underlying the denials of asylum, withholding of removal, and CAT protection for substantial evidence and legal determinations *de novo*. *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Because the parties are familiar with the facts, we do not recount them here, except as necessary to explain our decision. We deny the petition for review.

1. Reyes-Torres did not exhaust his challenges to the IJ's dispositive findings as to asylum, withholding of removal, and CAT protection. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation modified). "To be eligible for withholding of removal, the petitioner must discharge this burden by a 'clear probability.'" *Id.* at 1059-60 (quoting *Alvarez-Santos v. I.N.S.*, 332 F.3d 1245, 1255 (9th Cir. 2003)). An asylum applicant must demonstrate a nexus, i.e., that one of the aforementioned protected grounds is at least "one central reason" for the persecution, *Zetino v. Holder*, 622 F.3d 1007, 1015-16 (9th Cir. 2010), and a

25-3172

withholding of removal applicant must show that a protected ground is "a reason" for the persecution, *Barajas-Romero v. Lynch*, 846 F.3d 351, 358-60 (9th Cir. 2017). Applicants for asylum and withholding of removal must also demonstrate that the persecution was or would be "committed by the government or by forces that the government was unwilling or unable to control." *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1044 (9th Cir. 2024) (citation modified).

In his opening brief, Reyes-Torres contends that the IJ erred in its nexus and government control analyses underlying the denial of his applications for asylum and withholding of removal. Reyes-Torres did not challenge these findings in his appeal to the BIA, however, and the BIA accordingly found them to be waived. *See Matter of R-A-M-*, 25 I. & N. Dec. 657, 658 n.2 (BIA 2012). Reyes-Torres also contends that the IJ erroneously denied CAT protection, but again, Reyes-Torres did not challenge the IJ's denial of CAT relief before the BIA.

Reyes-Torres' challenges to the issues of nexus and government control, and to the agency's denial of CAT protection, are unexhausted, which is sufficient to deny the petition. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

2. Even assuming Reyes-Torres had not waived the issue of nexus, and assuming the cognizability of his proposed PSG—Salvadorans who reported criminal incidents to the police, the agency's dispositive findings as to nexus are

supported by the record.  The agency reasonably found that the gang members who approached Reyes-Torres were motivated solely by their desire to recruit him. This determination is supported by the fact that these encounters occurred before he filed a police report and that the gang members asked Reyes-Torres to join the gang in each encounter, and no evidence in the record compels a contrary result. Substantial evidence supports the agency's finding of a lack of persecutory motive, and accordingly, there is no nexus between Reyes-Torres' PSG and the alleged harm.  *See Zetino*, 622 F.3d at 1016 (explaining that a respondent's desire to be free from harassment by gang members motivated by theft or random violence bears no nexus to a protected ground).[1]

3.  We do not consider Reyes-Torres' ineffective assistance of counsel claim in the first instance.  Reyes-Torres filed a timely motion to reopen based on alleged ineffective assistance of counsel, and that motion to reopen is currently pending before the BIA.[2]  As a result, this administrative remedy is not yet exhausted, and

---

[1] We do not consider Reyes-Torres' unexhausted attempts to redefine the scope of the alleged future harm and proposed PSG.  *See Umana-Escobar*, 69 F.4th at 550; *Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191 (BIA 1998).

[2] Reyes-Torres relies on *Granados–Oseguera v. Gonzales*, 464 F.3d 993 (9th Cir. 2006), to argue that we can consider his ineffective assistance of counsel claim in the first instance, but there, the allegedly ineffective counsel represented the petitioner before the BIA and did not file a timely motion to reopen.  Moreover, we ultimately remanded for the BIA to reconsider the motion to reopen and to consider the ineffective assistance of counsel allegations in the first instance.  If the

4                                                    25-3172

we decline to consider the merits of the ineffective assistance of counsel argument before the agency has had an opportunity to do so. *See Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995) ("The exhaustion requirement avoids premature interference with the agency's processes and helps to compile a full judicial record." (citation modified)); *see also Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1125 (9th Cir. 2000) (holding the BIA abused its discretion by denying petitioner's motion to reopen and remanding motion to reopen to the BIA to address petitioner's ineffective assistance of counsel claim in the first instance).

**PETITION DENIED.**[3]

---

BIA denies Reyes-Torres' pending motion to reopen, he will have the ability to appeal that ruling.

[3] The temporary administrative stay is lifted and the motion to stay removal, Dkt. No. 3, is denied.